MASTERS SCHOOL, Plaintiff, *v.* TOWN OF GREENBURGH et al., Defendants.

Supreme Court, Special Term, Westchester County, April 20, 1954.

*Bleakley, Platt, Gilchrist & Walker* for plaintiff.

*Gerald Fitzgerald* for Town of Greenburgh, defendant.

*Bernard J. Zinke* for Village of Dobbs Ferry, defendant.

EAGER, J.  This is an action by an alleged educational institution against a town and village to invalidate certain assessments, taxes and tax liens against a certain parcel of real property of

the plaintiff claimed to be exempt from taxation by virtue of the provisions of the Tax Law. Each of the defendants set up by way of a separate defense an alleged agreement in writing made in 1931, between the plaintiff and the village, '' the memorandum of which is attached hereto (to the answer) and made a part hereof as if set forth in full, wherein and whereby the plaintiff agreed, in consideration of the exemption from taxation of another parcel acquired by the plaintiff, to concede the taxability of the parcel which is the subject of this action.'' The memorandum of agreement referred to and attached to the respective answers is in the form of a letter of the plaintiff addressed to the clerk of the defendant village. In this letter, the plaintiff '' concedes the taxation on the above tract (the parcel in question) which we understand has been assessed at $175,000., the same as the Paton property (the exempted parcel) was formerly assessed * * *. This change was made at our suggestion because we wished the Paton property exempted since the erection thereon of a dormitory building for the School, but we did not wish to decrease the amount of taxable property in the Village.'' The agreement specifies no time limit or period of duration.

The plaintiff now moves to strike out said defense from the respective answers of the defendants upon the ground that the defense is insufficient in law. The motion is granted. In the opinion of the court, the alleged agreement is illegal and void. Municipal officials are bound by law to assess, levy and collect taxes upon all taxable property and any agreement, which has for its consideration or object a special treatment for tax purposes of particular property or a bartering in tax exemptions of properties is contrary to statute and public policy.

An owner of particular property, may, of course, agree to waive the right to claim tax exemption with respect thereto, but such waiver, to be effective, must be by lawful agreement. The agreement pleaded here is clearly unlawful and contrary to public policy as to consideration and objective. Furthermore, the particular agreement, if operative as a waiver by the plaintiff of the right to claim tax exemption, would be operative only from year to year, inasmuch as it is without any specification as to duration. The answers of the defendants admit that prior to the confirmation of the assessments and taxes complained of, the plaintiff filed an application for exemption of the particular property from taxation. Such claim to the right of exemption would effectively terminate any waiver in the absence of a show-

ing that the plaintiff is bound to forego future right to exemption by virtue of an agreement for a stated period supported by a valid consideration or by virtue of special circumstances estopping it to claim exemption for the years in question. There is no such showing here.

Submit order on notice.